JOSEPH E. SESSIONS, by his next friend, v. THOMAS P. KELL, Guardian.

GUARDIAN: RIGHT OF ORPHAN TO SELECT.—Where no testamentary or other guardian has been appointed by the father of an orphan, the latter, on his arrival at the age of fourteen, may select his guardian, whether the Probate Court had previously appointed one for him or not. See 2 Kent, 228.

APPEAL from the Probate Court of Franklin county. Hon. James M. Jones, judge.

Thomas P. Kell, the appellee, was appointed guardian for Joseph E. Sessions, the appellant, by the Probate Court of Franklin county, and whilst said Joseph E. Sessions was a minor, and under the age of fourteen years. After Joseph arrived at that age, he filed, by his next friend, his petition in said court, against said Kell, in which he alleged that his father had made no appointment of guardian for him, either by deed or will. That said Kell had been appointed, but that he was now over fourteen years of age, and desired to select his brother, R. A. J. Sessions, his guardian. Kell demurred, upon the ground that he had been appointed whilst said Joseph was under fourteen, and therefore on his arrival at that age, he had no authority to select a guardian in his stead. The court sustained the demurrer, and dismissed the petition, and Joseph appealed.

*D. W. Hurst*, for appellant.

The point made by the demurrer in this case is, that if a guardian has been appointed by the Probate Court, when the infant was under fourteen years old, then his right to choose a guardian after arriving at the age of fourteen is denied, because of a previous appointment; this seems to be not only exceedingly unjust, but a palpable violation of the law.

.The right of an infant to choose a guardian on his arrival at the age of fourteen years, although one had been appointed for

him before that time, is a proposition, none I presume, will controvert or deny, unless our statute has changed the common law. The right existing at the common law prior to our legislation on the subject still exists, unless it has been changed. Our statute, (Hutch. Code, 504,) provides, that if no guardian be appointed by deed or last will and testament, the orphan, if he be fourteen years old or upwards, shall make choice, &c. So far as this statute makes any provisions, they amount to a re-enactment, rather than a repeal of the common law, and would have conferred the right we contend for, if the rule had been different at the common law. From the act last quoted, we contend that the right to choose a guardian when the orphan is fourteen years old, is without restriction, except that the court may appoint the natural guardian, which could not be done in this case.

There is, however, another provision of our statute. See same Code, page 506, which appellee may rely on to sustain the decree of the court below. The other statute provides that the powers and duties of every testamentary or other guardian shall cease and determine, when the ward arrives at the age of twenty-one years or lawfully marries. The ground may be assumed in this court, as it was in the court below, that this act was a positive repeal of the common law because the duties of guardians at the common law, ceased when the ward arrived at the age of fourteen years. That is true to this extent, to wit : that their duties ceased if another was chosen, but not true as to repealing either the common law or the statute first quoted, as to the right to choose a guardian when fourteen years old. The most that can be made of the last statute, is this, that it fixes a time when all guardian's duties shall cease ; at that time their duties cease, not by the choice of the infant, but by operation of law ; and to say that because the law has provided when the infant shall cease to be under the control of the guardian, it therefore denies to him the rights which he possessed under the law to make choice of the one who should be his guardian, it seems would be calling to aid a law which provides for the continuance of the office, when an objection is made, to defeat a clear right on the part of the infant to choose·

the officer when the period arrives when he is by law capable of making choice.

*H.* and *W. S. Cassidy,* for appellee.

The point in this case is, whether a minor having a guardian appointed by the Probate Court, before he was of the age of fourteen years, can, when he arrives at that age, make choice of a guardian under the statute authorizing orphans of the age of fourteen years to make choice of a guardian; he having a guardian at the time of the application.

We contend, on behalf of the appellee in this case, that he cannot, and that the Probate Court did not err in sustaining our demurrer to his petition making such application; which is the error complained off.

It may be contended, on the other side, that as at common law *socage* guardianship terminated when the minor arrived at the age of fourteen years, (at which time the minor could make choice of another guardian,) the same rule is applicable in this state.

At common law, guardianship *in socage* was committed to the next of kin, who could not by *any possibility* inherit the lands of the ward.   2 Blk. Com. 88.   This species of guardianship cannot exist under our statute, for the reason that there is a *possibility* of the next of kin inheriting, as we have admitted the half blood to inherit equally with the whole blood, (Hutch. Code, 623,) and it would be difficult to imagine a case where such a possibility would not exist.

This species of guardianship does not exist here, because it could be only of lands held by *socage tenure,* 2 Kent. 223, 224; and lands in this state are not held by that tenure, but all lands are here held in allodium.

Guardianship *in socage* terminated when the ward arrived at the age of fourteen years; by our statute guardianship terminates when the ward arrives at the age of twenty-one years. *Hutch.* Code, 506.

The only species of guardians recognized in this country are chancery guardians or guardians appointed by surrogates, Orphans' or Probate Courts, 2 Kent. 226; and guardians to wards

appointed by chancery before the minor is of the age of fourteen years, continue after that period ; and minors have no right to elect guardians when they arrive at that age. 2 Kent. Com. 226. If the power to appoint guardians to minors has been delegated to the probate judge, he can exercise this power in *as full and ample a manner* as the chancellor could, 2 Kent. Com. 227 ; but the chancellor cannot permit a minor of the age of fourteen years to choose a guardian, if he has one on arriving at that age, as we have shown above from Kent ; then, if the judge of probate can do so, he exercises the power of appointment in a *more full and ample* manner than the chancellor could.

Then, as neither *socage* tenures, nor *socage* guardians exist in this country, as we have shown, and a ward of chancery would not have the right of election in a case such as this ; let us see if there is any thing in our statute which in express terms or by implication gives this right to the minor.

Where there is no testamentary guardian or guardian appointed by deed, the statute vests this power of appointment in the Probate Court as a jurisdiction, instead of permitting such power to remain in Chancery ; and the statute evidently contemplated vesting such powers in the Probate Court in the premises as would be exercised by chancery, in absence of the statute, as part of its general jurisdiction, the statute making simply a change of jurisdiction, and not of power ; that is to say, if there exists a *necessity* for the appointment of a guardian, it vests the power to supply that necessity in the Probate Court, and provides the manner in which it shall be done ; if the necessity exists, and the minor is under the age of fourteen years, the court chooses the guardian, under the restrictions of the statute ; if the necessity exists, and the minor is over the age of fourteen years, the minor chooses the guardian, also under the restrictions of the statute. Hutch. Code, 504.

An attentive reading of the 125th section of the statute, on page 504, of Hutch. Code, particularly the latter part of the section, will show that the legislature intended this choice to be exercised only in cases where the minor of the age of fourteen years or upwards, had no guardian at the time he attempted to make choice,

and not where he had one at the time of such application, as in this case.

The section referred to enacts, that if the orphan of the age of fourteen years, shall fail to appear and choose a guardian, or the guardian so chosen refuses the trust, &c., the court shall have *the same power* to appoint a guardian as if the orphan was under the age of fourteen years. Why the necessity of the ·exercise of this power of appointment by the Probate Court, in case the orphan of the age of fourteen years does not choose a guardian, when the orphan failing so to choose has one at the very time? The very power vested in the court to appoint, in case the orphan fails to choose, implies that there exists at the time a necessity for such appointment, as it also implies, where no such necessity exists and the court should appoint, that the power would not be legally exercised; which necessity could not exist if the minor had a guardian at the time.

Suppose a minor having a guardian appointed before he was fourteen years of age, by the Probate Court, should, on arriving at that age, fail to choose a guardian, and the court should appoint one, would such appointment be legal? if not, it must be for no other reason, than because this power of appointment can be exercised only where the minor is without guardian; for the same section of the statute which enables the minor of the age of fourteen to choose, makes it the duty of the court to appoint in case he fails to choose; and the power to appoint in case the minor fails to choose is vested as fully in the court, as the right to choose is vested in the minor; so if such appointment would not be legal, it must be because the minor at the time of such appointment would have a guardian.

The statute gives the same power to the court to appoint a guardian in case the minor of the age of fourteen fails to choose one, or the one chosen renounces the trust, as the court has where the orphan is under the age of fourteen years; this power to appoint guardians to minors under the age of fourteen years, clearly does not extend to the length of appointing two guardians to one and the same orphan at different times, and whose rights and duties would be co-extensive and subsisting over the person

and estate of the minor at the same time; nor does it extend so far
as to authorize the removal of one of them without cause, Hutch.
Code, 505, § 129; yet the one or the other of these must take place.
If a guardian is chosen by a minor of the age of fourteen years,
he having one at the time, the one must be removed without cause,
or the two must exist by appointment made at different times; and
this clearly would not be the exercise of *the same power* the court
has in the appointment of guardians to minors under fourteen
years of age, but another and a greater power, that is to say, a
power to appoint two guardians for one ward.   And this must
clearly follow; because if the construction of the statute insisted
on by the appellant obtains, it goes no further than for the appoint-
ment of the guardian chosen by the ward, and does not extend to
the removal of the pre-existing guardian, there being no expres-
sion in the statute either giving the power of removal without
cause, or any from which this power could be inferred, and the
statute enumerates causes for removal of guardians, and this is not
among the enumerated causes; indeed the very absence of any
power in the court of removing the existing guardian, shows con-
clusively that the statute only contemplated the right of choice in
the ward, and the power in the court to appoint where there is no
guardian at the time of choosing.

FISHER, J., delivered the opinion of the court.
The appellee was appointed by the Probate Court of Franklin
county guardian of the appellant, while he was an infant under
the age of fourteen years.   Having attained this age, he filed his
petition in said court, selecting his brother as his guardian, and
praying that the letters of guardianship granted to the appellee,
might be revoked, and letters granted to the person selected.
The court below sustained a demurrer to the petition, on the
ground that an orphan can only exercise the right of choosing his
guardian, where none has been appointed by the court before he
arrives at the age of fourteen years.
The statute provides, that where no guardian has been appointed
by deed, or last will and testament, or in case the person so ap-
pointed renounce the trust, or fail to give security, "the court

shall have power to allow orphans of the age of fourteen years, or upwards, to choose guardians of their own election," &c. Hutch. Code, 505, § 125. The fair construction of this statute is, that the orphan may exercise this right after arriving at the age of fourteen years, regardless of any appointment made by the court before he had the right to make his election, unless the guardian derives his authority from the deed or last will and testament of the orphan's father. Such was the rule at the common law in regard to guardianships *in socage.* 2 Kent, 228.

Decree reversed, demurrer overruled, and cause remanded.